UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  19-cv-60463-BLOOM/Reid

CORNELIUS NELSON,

    Plaintiff,

v.

BRAGE LEONARD, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion").  The Court has carefully considered the Motion, its attendant affidavit and any documents submitted therewith, the record in this case, and is otherwise fully advised.  For the reasons that follow, Plaintiff's Motion is denied and this case is dismissed.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable.  Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss cases where the Plaintiff seeks to proceed *in forma pauperis* and the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). We construe the pleadings of *pro se* litigants liberally. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998).

In this case, Plaintiff brings claims under 42 U.S.C. § 1983 against Leonardo Brage, Frank Defalco, Frank Del Gaudio, and T.L. Shaw, D. Olivares ("Miramar Police Officer Defendants"), James Chrisey French, Richard Ray Malcolm, and Knansheen Zeccarrius Keys ("Walmart Employee Defendants"), Judge Michael A. Usan, State Attorney Michael J. Satz, and Public

Defender Michael L.E. Clerc-Spier.  Plaintiff's claims arise from an incident which occurred on February 16, 2016 at a Walmart store in Miramar, Florida.  ECF No. [1] at 20.  Plaintiff alleges that when leaving the store, he was asked by a police officer to show his receipt.  *Id.*  Then Plaintiff was attacked from behind by three individuals and tasered by a police officer.  *Id.*  Plaintiff pushed the officer's hand, at which point Plaintiff was handcuffed.  *Id.* at 23.

Plaintiff's Complaint refers to an underlying related action in state court, as to which Plaintiff alleges fraudulent actions taken by a public defender, a state attorney, and the presiding judge.  *See id.* at 26-31.  The Broward County Clerk of Courts website reflects that on February 16, 2016, the same date as the incident alleged in the instant Complaint, Plaintiff was arrested by the Miramar Police Department for battery on a law enforcement officer and grand theft in the third degree in case number 16001991CF10A.[1]  The criminal case in Broward County remains open and has not yet been resolved.  Under the foregoing circumstances, principles of equity, comity and federalism in counsel abstention in deference to ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971). "Younger abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 Fed. Appx. 231, 232 (11th Cir. 2009) (*citing 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). Plaintiff has provided no sufficient reason for this Court to overlook the principles of abstention.  *See Turner v. Broward Sheriff's Office*, 542 Fed. Appx. 764, 766 (11th Cir. 2013).

Consequently, Younger requires that federal courts abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court,

---

[1] The undersigned takes judicial notice of the Broward County Circuit Court's on-line docket which can be found at https://www.browardclerk.org/Web2.  *See* Fed. R. Evid. 201.

or if the federal case is in an "embryonic stage and no contested matter [has] been decided." *Turner v. Broward Sheriff's Office*, 542 Fed. Appx. at 766; (quoting *For Your Eye Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002); *Redner v. Citrus Cnty.*, 919 F.2d 646, 649 (11th Cir. 1990)).  Here, as in *Turner*, Younger abstention is appropriate because (1) the state court criminal charges were already pending when he instituted this proceeding; (2) the criminal proceedings involve important state interests; and, (3) Plaintiff could raise his constitutional challenges in the state criminal proceedings. *Turner*, 542 Fed. Appx. 766-67.

Additionally, Plaintiff cannot maintain section 1983 claims against the Walmart Employee Defendants. In order to state a claim under section 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001).  "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *Rayburn*, 241 F.3d at 1347 (internal quotations and alternations omitted).  To hold that private parties are state actors, the court must conclude that one of the following three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Id.* (internal quotations and alternations omitted).  Plaintiff's Complaint fails to allege facts demonstrating that the Walmart Defendants were state actors.  Upon review of the Complaint, the Court finds it clear that none of the "rare circumstances" allowing for "a private party [to] be viewed as a state actor for section 1983

purposes" are present in this case with respect to the Walmart Employee Defendants.  *Rayburn*, 241 F.3d at 1347.  Similarly, the public defender is "not [a] state actor[] for purposes of § 1983." *Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017).

Moreover, the state attorney and judge are immune from liability.  *See Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1524 (11th Cir. 1995) ("A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Additionally, prosecutors are entitled to absolute immunity for their acts or omissions in "the initiation and pursuit of criminal prosecution.  *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).  Therefore, Plaintiff cannot assert a valid claim against the named state attorney or judge.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;

2. The Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, **ECF No. [3]**, is **DENIED** as moot.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of February, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No.  19-cv-60463-BLOOM/Reid

Copies to:

Counsel of Record

Cornelius Nelson
171600129
Broward County Jail-NBB
North Broward Bureau
Inmate Mail/Parcels
Post Office Box 407037
Ft. Lauderdale, FL 33340