UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60463-BLOOM/Reid

CORNELIUS NELSON,

    Plaintiff,
v.

BRAGE LEONARD, et al.,

    Defendants.
_____/

## ORDER ON MOTION TO RECONSIDER

**THIS CAUSE** is before the Court upon Plaintiff Cornelius Nelson's ("Nelson") Motion to Reconsider, ECF No. [6] ("Motion"), filed on March 18, 2019. The Court has carefully considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On February 24, 2019, the Court entered an order dismissing the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff's claims were barred by the Younger abstention doctrine because (1) the state court criminal charges were already pending when he instituted this proceeding; (2) the criminal proceedings involve important state interests; and, (3) Plaintiff could raise his constitutional challenges in the state criminal proceedings. Additionally, Plaintiff failed to state a § 1983 claim against the Walmart Employee Defendants and the public defender because they are not state actors. Finally, this Court held that the state attorney and judge in the underlying action are immune from liability.

In the Motion, Nelson asserts that the Walmart Employee Defendants violated Walmart's policy for dealing with suspected shoplifters, that the Judge and the state prosecutor in the

underlying action have violated Nelson's constitutional rights, and that Nelson continues to suffer from his injuries.

"[T]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012).

The Motion fails to address any of the three potential grounds justifying reconsideration or any ground warranting reconsideration. As such, the Court finds that Nelson has failed to demonstrate any grounds for modification of the Court's Order. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [6]**, is **DENIED**;
2. Plaintiff's Motion for Leave to Proceed In Forma Pauperis, **ECF No. [7]**, is **DENIED** as moot;
3. This case shall remain **CLOSED**.

Case No.  19-cv-60463-BLOOM/Reid

**DONE AND ORDERED** in Chambers in Miami, Florida, on March 25, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Cornelius Nelson
171600129
Broward County Jail-NBB
North Broward Bureau
Inmate Mail/Parcels
Post Office Box 407037
Ft. Lauderdale, FL 33340